**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GUNTON COMPANY, Respondent.**

No. 77–1189.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 20, 1979.

Decided April 16, 1979.

Rehearing En Banc Denied June 4, 1979.

Elliott Moore, Deputy Associate Gen. Counsel, Paul J. Spielberg, N. L. R. B., Washington, D. C., Bernard Levine, Director, Region 8, N. L. R. B., Anthony J. Celebrezze, Cleveland, Ohio, for petitioner.

Jeffrey A. Belkin, Thomas C. Liber, Kelley, McCann & Livingstone, Cleveland, Ohio, for respondent.

Before EDWARDS, Chief Judge, MERRITT, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

This appeal is before the Court upon application by the NLRB for enforcement of its order against the respondent company reported at 227 N.L.R.B. 274. The Board found that the Company's refusal to recognize and bargain collectively with a union certified to represent a unit of its employees violated § 8(a)(5) and (1) of the National Labor Relations Act. The Company denies that it committed these unfair labor practices "for the reason that the Union's pre-election conduct interfered with the employees' freedom of choice, thereby rendering the results of the election null and void."

Upon review and consideration of the record on appeal and the briefs and arguments of the parties, we conclude that the Board properly found that the Company violated § 8(a)(5) and (1) of the Act by refusing to bargain. Substantial evidence on the record as a whole supports the Board's findings that the Union did not engage in unfair pre-election labor practices. We do not find that the Board's remand to the hearing officer for findings on credibility or the findings made in response thereto violate the Board's own rules. Nor do we agree that the Board erred in refusing to consider the Company's post-election challenges to the Union's majority status. Employee turnover during the time the Board is processing the Company's objections to election proceedings in the context of this case is not an "unusual" circumstance justifying consideration of this issue. We also find that the Board properly applied to the facts of this case the Supreme Court's ruling in *NLRB v. Savair Mfg. Co.*, 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973) (union offer to waive initiation fees for employees who sign cards before election constitutes unfair pre-election tactics). Here there is substantial evidence to support the Board's findings that the Union's waiver of fees was not limited to those who signed cards before the election but included all members of the proposed unit. Enforcement granted.